# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Derrick Watts, | ) | Case No. 1:17-cv-3484 |
| | ) | |
| Plaintiff, | ) | First Amended Complaint |
| v. | ) | |
| | ) | Jury Trial Demanded |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

## INTRODUCTION

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

2. Toward this end, Congress found that:

    [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health

1

and safety of the consumer, is the only effective means of protecting

telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

on TCPA's purpose).

3.    Congress also specifically found that "the evidence presented to Congress indicates that

automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the

time of call…." *Id.* at §§ 12-13. *See also, Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740,

744 (2012).

4.    Plaintiff Derrick Watts, by Plaintiff's attorneys, brings this action to challenge the conduct

of Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), with regard to attempts by

Defendant to unconscionably and abusively collect a debt allegedly owed by Plaintiff.

Further, Plaintiff brings this action for damages and any other available legal or equitable

remedies resulting from the actions of Defendant in its negligent and/or willful violations

of the TCPA.

5.    The statutes of limitations for all claims allege herein are tolled due to the commencement

of a class action based on the same or similar allegations in the matter of *Keith Snyder, on

behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC*, Case

No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of

Illinois. *See American Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

6.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.      Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

9.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

10.     This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11.     Because Defendant conducts business within the State of Illinois, in the Northern District of Illinois, personal jurisdiction is established.

12.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district.

13.     Specifically, Defendant's office for receipt of payments is located in Carol Stream, Illinois, which is within this District.

### PARTIES

14.     Plaintiff is, and at all times mentioned herein was, a resident of the City of North Aurora, State of Illinois.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant has its principal place of business in the City of West Palm Beach, in the State of Florida.

17. Defendant is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

**STANDING**

18. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

   a. a valid injury in fact;

   b. which is traceable to the conduct of Defendant;

   c. and is likely to be redressed by a favorable judicial decision.

   *See*, *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

19. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### A. *The "Injury in Fact" Prong*

20. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

21. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v.*

*Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

22. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS.

**B.     *The "Traceable to the Conduct of Defendant" Prong***

23. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

24. In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

**C.    *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

25. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

26. In the present case, Plaintiff is making a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

27.   Furthermore, Plaintiff is requesting injunctive relief to restrain Defendant from the alleged abusive practices in the future.   The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

28.   Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

### FACTUAL ALLEGATIONS

29.   Between approximately April 15, 2012 through March 2016, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 5134 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

30.   This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31.   When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

32.   Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

33.   In total, Plaintiff has received at least 1,001 calls from Defendant on Plaintiff's cellular telephone.

34.   For example, Plaintiff received calls for 16 days straight for a total of 34 calls in December 2015.

35.   Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

36. Furthermore, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by phone.

37. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling on numerous occasions between 2013 and 2016.

38. In addition, Plaintiff contacted Defendant on multiple occasions in 2014 and 2016 to request that the calls stop.

39. Plaintiff also sent a written request to Defendant on or about November 5, 2013 for the "incessant collection calls" to stop.

40. Despite these clear and unmistakable requests, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

41. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

42. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral  and written revocation.

43. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

44. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

45. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

46. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

47.   The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

48.   The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

### CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

49.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.   Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     Each call after Plaintiff requested Defendant stop calling Plaintiff's cell phone constitutes a knowing and/or willful violation of the TCPA.

55.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT III

#### NEGLIGENCE

58.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     Defendant had a duty of care to Plaintiff to exercise reasonable skill and care in carrying out account activities. Specifically, Defendant had a non-contractual duty to act with reasonable care and skill in interpreting, ascertaining and acting in accordance with

Plaintiff's instructions. *See Peters v. Northern Trust Co.*, 1999 U.S. Dist. LEXIS 11179, *34, 1999 WL 515481 (N.D. Ill. July 12, 1999).

60.   A relationship of proximity exists between Plaintiff and Defendant, as Defendant serviced Plaintiff's mortgage.

61.   Damage to Plaintiff was foreseeable because Plaintiff informed Defendant that the calls were incessant and a nuisance.

62.   Defendant breached its duty by calling Plaintiff on Plaintiff's cellular telephone hundreds of times to harass and/or abuse Plaintiff and infringe on Plaintiff's privacy rights, as discussed above, and continued to call despite Plaintiff's instructions that the calls stop.

63.   Plaintiff was harmed and suffered injury as described above.

64.   The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

65.   As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such Plaintiff is entitled to recover punitive damages from Defendant in addition to his special, compensatory, and general damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227;

- Actual, special general, compensatory, and punitive damages;

- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 18, 2017

Respectfully submitted,

By: /s/ Sarah T. McEahern
Sarah T. McEahern, Esq.
HYDE & SWIGART
1525 Josephine St.
Denver, CO 80206
Telephone: (303) 731-5493
FAX: (800) 635-6425
Email: sm@westcoastlitigation.com

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
FAX: (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Derrick Watts*