**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TODD BURNETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 17 C 3474 <br> Hon. Marvin E. Aspen |
| JOHNNY D. HUNT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 17 C 3476 <br> Hon. Jorge L. Alonso |
| BENJAMIN LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> Defendant. ) | No. 17 C 3478 <br> Hon. John Z. Lee |

| | | |
|---|---|---|
| GIDGET SIMPSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 3480 |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | Hon. Amy J. St. Eve |
| Defendant. | ) ) | |
| SAUL VERDIN, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 3482 |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | Hon. Jeffrey T. Gilbert |
| Defendant. | ) ) | |
| GERARD A. WALSH, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 3483 |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | Hon. John J. Tharp, Jr. |
| Defendant. | ) ) | |
| DERRICK WATTS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 3484 |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | Hon. Maria Valdez |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Ocwen Loan Servicing, LLC's ("OLS") motion to reassign or consolidate six related cases with *Burnett v. OLS*, No. 17 C 3474. (Def. Mot. (Dkt. No. 28).) For the following reasons, we hereby grant Defendant's motion to consolidate the seven cases for discovery and pretrial matters, and enter and continue the motion for reassignment and consolidation for trial.

## BACKGROUND

In May 2017, seven individual plaintiffs represented by the same Plaintiff's counsel filed similar suits in the Northern District of Illinois, each assigned to different judges. All seven cases allege OLS negligently and willfully violated the Telephone Consumer Protection Act ("TCPA") by calling plaintiffs with an automatic telephone dialing system ("ATDS") using an "artificial or prerecorded voice" without plaintiffs' express consent. (Def. Mot. at 3.) Defendant asserts that plaintiff's counsel has filed 70 similar suits across the country. (Def. Reply (Dkt. No. 38) at 4.) In addition to the motion to reassign or consolidate, OLS has filed virtually the same motions and memoranda to dismiss and to stay in all seven cases. (Dkt. Nos. 14, 24, 25.)

## ANALYSIS

Defendant requests we reassign, or in the alternative, consolidate the seven cases at issue. (Def. Mot. at 1.) Plaintiff does not object to consolidation for pretrial proceedings, but requests that each case be tried in separate jury trials before the originally assigned judges. (Pl. Resp. (Dkt. No. 34) at 2.)

We next consider if consolidation of the cases is appropriate. A district court can consolidate actions before the court if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Rule 42(a) allows for consolidation of an entire case or only for purposes of "segments of litigation, such as pretrial proceedings." *Magnavox Co. v. APF Elec., Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980). Whether or not to consolidate is left to the trial judge's discretion. *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011). For consolidation to be proper, the claims need not "neatly overlap," and only some of the issues of fact or law must be the same. *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016).

Consolidation of the seven cases at hand is proper because the cases share a number of common questions both in their TCPA claims against OLS and in their pretrial motions. (Def. Mot. at 4 (explaining common issues of law in Defendant's pretrial motions).) Consolidation allows the court to save significant judicial resources by only addressing these legal issues once instead of seven separate times. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) (encouraging consolidation as the "best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge"); *Magnavox Co.*, 496 F. Supp. at 33 (consolidating cases to "eliminate the need to consider like arguments more than once" in repetitive discovery and briefing). Further, the presence of common law negligence claims in some but not all of the cases does not render the cases unsuitable for consolidation. *Brunner*, 2016 WL 7232560, at *2 (consolidating cases that had some different claims).

The most compelling reason to consolidate these cases is to ensure the court consistently rules on pretrial matters, including motions and discovery disputes. While neither party focuses on this issue in their briefs, uniformity has been considered a benefit of consolidation. *Gonzalez v. City of Chi.*, No. 11 C 5681, 2014 WL 8272288, at *1 (N.D. Ill. Apr. 7, 2014) (discussing consolidation of similar cases has the benefit not just of efficiency, but also of preventing "discrepancies" in rulings and avoiding "issue preclusion"). Currently, motions to stay have received inconsistent rulings despite involving nearly identical legal issues. (Def. Mot. at 4–6 (indicating that three motions to stay have been denied while one has been granted).) Consolidating the seven cases for pretrial purposes ensures future motions and discovery disputes are handled consistently. Accordingly, in the interest of judicial economy and consistency, we grant Defendant's motion to consolidate the seven cases for purposes of discovery and pretrial matters only.

## CONCLUSION

We grant Defendant's motion to consolidate the seven cases for discovery and pretrial matters only. We enter and continue the motion for reassignment and consolidation for trial. It is so ordered.

                                                        Marvin E. Aspen
                                                        United States District Judge

Dated: November 6, 2017
       Chicago, Illinois